**Fill in this information to identify the case:**

United States Bankruptcy Court for the <u>Southern District of Texas</u>

Case number (*if known*): _____ Chapter <u>11</u>

❏ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy        06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | Mobileum, Inc. |

| | | |
|---|---|---|
| **2.** | **All other names debtor used in the last 8 years**<br><br>Include any assumed names,  trade names, and *doing business  as* names | Roamware Inc. |

| | | |
|---|---|---|
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | 94-3357417 |

**4.   Debtor's address**

| Principal place of business | Mailing address, if different from principal place  of business |
|---|---|
| 20813   Stevens Creek Boulevard<br>Number   Street | Number              Street |
| Suite 200 | P.O. Box |
| Cupertino        California        95014<br>City          State          ZIP Code | City              State       ZIP Code |
| Santa Clara<br>County | **Location of principal assets, if different from principal place of business** |
| | Number        Street |
| | City          State       ZIP Code |

| | | |
|---|---|---|
| **5.** | **Debtor's website** (URL) | https://www.mobileum.com |

| | | |
|---|---|---|
| **6.** | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other.  Specify: _____ |

Debtor    Mobileum, Inc.                                          Case number (if known)   24-_____ (   )
          Name

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax- exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
   http://www.uscourts.gov/four-digit-national-association-naics-codes.
   5179 – Other Telecommunications

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
   ☒ A plan is being filed with this petition.
   ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes    District _____   When _____   Case number _____
                                              MM/ DD/ YYYY

         District _____   When _____   Case number _____
                                              MM / DD/ YYYY

Debtor   Mobileum, Inc.
         _____        Case number (if known)   24-_____ ( )
         Name

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes    Debtor    See Schedule 1          Relationship    See Schedule 1

         District    Southern District of Texas    When    July 23, 2024
                                                            MM / DD/ YYYY
         Case number, if known    _____

---

**11. Why is the case filed in this district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?**  *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?    _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other    _____

**Where is the property?**    _____
                              Number          Street

                              _____
                              City                State        ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency    _____

         Contact Name    _____

         Phone    _____

---

**Statistical and administrative information**

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

(on a consolidated basis with all affiliated debtors)

☐ 1-49          ☒ 1,000-5,000         ☐ 25,001-50,000
☐ 50-99         ☐ 5,001-10,000        ☐ 50,001-100,000
☐ 100-199       ☐ 10,001-25,000       ☐ More than 100,000
☐ 200-999

---

Debtor    Mobileum, Inc.
Name                                                        Case number (if known)    24-_____ (    )

---

**15. Estimated assets**
(on a consolidated basis with all affiliated debtors)

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☒ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**16. Estimated liabilities**
(on a consolidated basis with all affiliated debtors)

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☒ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

## Request for Relief, Declaration, and Signatures

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■ I have been authorized to file this petition on behalf of the debtor.

■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    July 23, 2024
MM / DD/ YYYY

✗    /s/ Mike Salfity                           Mike Salfity
Signature of authorized representative of     Printed name
debtor

Chief Executive Officer
Title

**18. Signature of attorney**

✗    /s/ Gabriel A. Morgan              Date    July 23, 2024
Signature of attorney for debtor              MM / DD / YYYY

Gabriel A. Morgan                            Jeffrey D. Saferstein
Printed Name

Weil, Gotshal & Manges LLP                   Weil, Gotshal & Manges LLP
Firm Name

700 Louisiana Street, Suite 3700             767 Fifth Avenue
Address

Houston, Texas 77002                         New York, New York 10153
City/State/Zip

(713) 546-5000                               (212) 310-8000
Contact Phone

gabriel.morgan@weil.com                      jeffrey.saferstein@weil.com
Email Address

24125891                    Texas
Bar Number                  State

---

**Schedule 1**

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (Houston Division) (the "**Court**").  A motion will be filed with the Court requesting the chapter 11 case of each Entity listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Mobileum, Inc.

| COMPANY |
| --- |
| Convene Networks LLC |
| Developing Solutions Inc. |
| Mobileum, Inc. |
| Matrix Intermediate, Inc. |
| Matrix Holdco, LLC |
| Matrix Parent, Inc. |
| Mobile Acquisition Corp. |
| SIGOS LLC |
| UnwiredSoft, Inc. |
| We Do Technologies Americas, Inc. |
| Phase 3 Innovations Holdings, Inc. |

# UNANIMOUS WRITTEN CONSENT OF
# THE RESTRUCTURING COMMITTEE OF
# MATRIX HOLDCO, LLC

## July 22, 2024

The undersigned, being all of the members of the restructuring committee of the Board of Managers (the "**Board**") of Matrix Holdco, LLC (the "**Holdings**" together with its direct and indirect subsidiaries, the "**Company**"), a Delaware limited liability company, pursuant to Section 18-404(d) of the Delaware Limited Liability Company Act and Section 11(f) of the Company's Amended and Restated Limited Liability Company Agreement (the "**LLCA**"), hereby consents to, adopts and approves the following resolutions, effective as of the date first written above.

**WHEREAS**, on December 20, 2023, the Board previously adopted resolutions (the "**Formation Resolutions**") establishing a committee of three (3) independent members of the Board (the "**Restructuring Committee**"), and delegated to the Restructuring Committee, certain rights, authority, and power to, among other things, consider, evaluate, oversee, pursue, negotiate, and recommend to the Board (if Board approval is required under Delaware law) the entry into and consummation of one or more liability management transactions, restructuring transactions, or transactions otherwise designed to address the Company's liquidity constraints (a "**Transaction**"), including (i) the provision of confidential information by or on behalf of the Company and its subsidiaries to third parties under cover of appropriate confidentiality arrangements in respect of a transaction, (ii) discussions and negotiations with the Company's stakeholders in respect of a Transaction, (iii) the implementation and execution of a Transaction by the Company, (iv) the engagement of advisors on behalf of the Company and instruction of such advisors in respect of a Transaction, and (v) any such other actions that the Restructuring Committee deems necessary or desirable to carry out its mandate;

**WHEREAS**, a Transaction may involve the participation of an insider or related party of the Company (a "**Potential Related Party Transaction**") and, pursuant to the Formation Resolutions, the Board previously delegated to the Restructuring Committee the power and authority to take the following actions with respect to any Potential Related Party Transaction: (i) determine, in the discretion of the Restructuring Committee by unanimous vote, whether a Transaction is a Potential Related Party Transaction, (ii) evaluate and if appropriate, authorize (if the Potential Related Party Transaction does not require Board approval under Delaware law) entry into a Potential Related Party Transaction, and (iii) take all other actions authorized in respect of a Transaction in connection with a Potential Related Party Transaction;

**WHEREAS**, pursuant to the Formation Resolutions, the Committee is authorized to consider and determine, in the Committee's sole discretion, whether a Transaction (as defined in the Formation Resolutions) being explored by the Company constitutes a Potential Related Party Transaction;

**WHEREAS**, the Restructuring Committee has had the opportunity to review and analyze, and has reviewed the liabilities and liquidity of the Company, the strategic alternatives available to the Company, and the impact to the foregoing on the Company's business;

**WHEREAS**, the Restructuring Committee has had the opportunity to consult with the management and the legal and financial advisors of the Company to fully consider, and has considered, the strategic alternatives available to the Company;

**WHEREAS**, the Restructuring Committee has had the opportunity to review and has reviewed the form, terms, and provisions of the Restructuring Support Agreement, the Plan, the Disclosure Statement, the DIP Documents and the Additional DIP Documents (each as defined below), and all the exhibits annexed thereto;

**WHEREAS**, the Restructuring Committee deems the foregoing resolutions, including the commencement of the Chapter 11 Cases, and the performance by the Company of its obligations thereunder and the transactions contemplated thereby to be desirable, advisable and in the best interests of the Company:

## I.  Potential Related Party Transaction

**NOW, THEREFORE BE IT RESOLVED**, the Restructuring Committee, having considered the Restructuring Support Agreement, the Plan, the Disclosure Statement, the DIP Documents and the Additional DIP Documents, and the proposed Transactions contemplated thereunder, determines that approval of such documents constitutes a Potential Related Party Transaction;

## II.  Commencement of the Chapter 11 Cases

**RESOLVED**, that the Restructuring Committee authorizes and recommends, after due consultation with the management, legal advisors, financial advisors, and investment bankers of the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the Bankruptcy Code (the "**Bankruptcy Code**"); and be it further

**RESOLVED**, that the Restructuring Committee authorizes and recommends to the Board that any officer of the Company (each, an "**Authorized Person**"), in each case, acting singly or jointly, should be authorized, empowered, and directed to execute and file in the name and on behalf of such Company all petitions, schedules, statements, motions, lists, applications, pleadings, and other documents (the "**Chapter 11 Filings**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it further

**RESOLVED**, that the Restructuring Committee authorizes and recommends to the Board that each Authorized Person, in each case, acting singly or jointly, should be authorized, empowered, and directed, with full power of delegation, in the name and on behalf of such Company, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with the Company's chapter 11 case

(the "**Chapter 11 Case**") or the Chapter 11 Filings, including, without limitation, (i) to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, (ii) the payment of fees, expenses, and taxes such Authorized Person deems necessary, appropriate, or desirable, (iii) negotiating, executing, delivering, performing, and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates, and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Case with a view to the successful prosecution of such Chapter 11 Case (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

## III.   Restructuring Support Agreement, Plan, and Disclosure Statement

**RESOLVED**, that the Restructuring Committee determines that it is in the best interests of the Company to enter into a Restructuring Support Agreement the "**Restructuring Support Agreement**") on the terms and conditions substantially similar to those set forth in the form of Restructuring Support Agreement previously provided to the Restructuring Committee and to consummate the Transactions contemplated thereby; and be it further

**RESOLVED**, that the form, terms, and provisions of the Restructuring Support Agreement, and all the exhibits annexed thereto and the execution, delivery, and performance thereof and the consummation of the transactions contemplated thereunder by the Company are hereby authorized, approved, and declared advisable and in the best interests of the Company, with such changes therein and additions thereto as any Authorized Person who may act without the joinder of any other Authorized Person, executing the same may in such Authorized Person's discretion deem necessary or appropriate, it being acknowledged that the execution of the Restructuring Support Agreement and such other documents, agreements, instruments, and certificates as may be required or contemplated by the Restructuring Support Agreement, as applicable, shall be conclusive evidence of the approval thereof; and be it further

**RESOLVED**, that the Restructuring Committee determines that it is in the best interests of the Company to file with the Bankruptcy Court a chapter 11 plan of reorganization (the "**Plan**") and the corresponding disclosure statement (the "**Disclosure Statement**"), in each case, on terms and conditions substantially similar to those set forth in the form of the Plan and the Disclosure Statement previously provided to the Restructuring Committee; and be it further

**RESOLVED**, that the form, terms, and provisions of the Plan and Disclosure Statement and all the exhibits annexed thereto and the execution, delivery, and performance thereof and the consummation of the transactions contemplated thereunder by the Company are hereby authorized, approved, and declared advisable and in the best interests of the Company, with such changes therein and additions thereto as any Authorized Person of the Company, who may act without the joinder of any other Authorized Person, executing the same may in such Authorized Person's discretion deem necessary or appropriate, it being acknowledged that the execution of the Plan and Disclosure Statement and such other documents, agreements, instruments, and certificates as may be required or contemplated by the Plan and Disclosure Statement, shall be conclusive evidence of the approval thereof; and be it further

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly,

be, and each hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, and/or record, and perform the obligations arising under the Restructuring Support Agreement, the Plan, and the Disclosure Statement, including to commence solicitation of the Plan, substantially in the forms previously presented to the Restructuring Committee, together with such other documents, agreements, instruments, and certificates as may be required by the Restructuring Support Agreement; and be it further

**RESOLVED**, that any Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Restructuring Support Agreement, Plan, and Disclosure Statement and/or any of the related documents which shall, in such Authorized Person's sole judgment, be necessary, proper, or advisable; and be it further

## IV.     Debtor-in-Possession Financing

**RESOLVED**, that in connection with the Chapter 11 Cases, the Restructuring Committee hereby approves the terms and provisions of and the execution and delivery of the DIP Credit Agreement and the Additional DIP Documents (as defined below) (collectively, the "**DIP Documents**") by the Company and each of its subsidiaries (each, an "**Entity**") that is party thereto and the consummation by such Entity of the transactions contemplated thereunder, including (i) in the case of Matrix Parent, Inc., a Delaware corporation and a debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code (the "**Borrower**"), to enter into the DIP Credit Agreement (as defined below) and borrow loans, (ii) in the case of the DIP Guarantors (as defined below), to guarantee the Borrower's obligations under the DIP Credit Agreement (as defined below), and (iii) in the case of the Borrower and the DIP Guarantors (collectively, the "**DIP Loan Parties**"), to consummate the transactions under that certain Debtor-in-Possession Term Loan Credit Agreement (as may be amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "**DIP Credit Agreement**") (capitalized terms used in this section with respect to debtor-in-possession financing and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit Agreement), consisting of a superpriority, senior-secured, priming debtor-in-possession term-loan facility, by and among the Borrower, Holdings, a Delaware limited liability company and a debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code, Matrix Intermediate Inc., a Delaware corporation and a debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code ("**Intermediate**"), the other Companies as Guarantors, each as a debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code (the "**DIP Guarantors**"), the institutions and entities from time to time party thereto as "Lenders" (the "**DIP Lenders**"), and ACQUIOM AGENCY SERVICES LLC ("**Acquiom**") and SEAPORT LOAN PRODUCTS LLC ("**Seaport**") as co-administrative agents for the Lenders (in such capacities, each a "**Co-Administrative Agent**" and together, the "**Administrative Agent**"), and Acquiom, as collateral agent (in such capacity, the "**Collateral Agent**" and, together with the Administrative Agent, the "**DIP Agents**" and collectively with the DIP Lenders, the "**DIP Secured Parties**"), subject to approval by the Bankruptcy Court, which financing is necessary and appropriate to the conduct of the business of the Company during the Chapter 11 Cases (the "**DIP Financing**"); and be it further

RESOLVED, that the terms and provisions of and the execution and delivery of the DIP Credit Agreement and the Additional DIP Documents (as defined below) (collectively, the "**DIP Documents**") by each Entity that is party thereto and the consummation by such Entity of the transactions contemplated thereunder, including (i) in the case of the Borrower, the borrowing or deemed borrowing of term loans under the DIP Credit Agreement consisting of (x) new money term loans, (y) rollup term loans resulting from the rollup of the participating Lenders' obligations under the Prepetition First Lien Credit Agreement and the Prepetition First Lien Note Purchase Agreement and (z) term loans issued on account of the Backstop Commitment Premium (as defined in the Backstop Commitment Letter, to be entered into by and among each of the Entities and the Backstop Commitment Parties (as defined therein), the "**Backstop Commitment Letter**"), (ii) in the case of the DIP Guarantors, the guaranty of the obligations thereunder as provided in the DIP Documents, (iii) the grant of a security interest in and Liens upon, mortgage, collateral assignment, hypothecation or pledge of all of such Entity's assets, whether now owned or hereafter acquired, in favor of the DIP Secured Parties securing the obligations under the DIP Credit Agreement, (iv) the filing by the DIP Agent of UCC financing statements and other filings or recording documents or instruments with respect to the Collateral (as defined in the Security Agreement) that may be required, necessary, appropriate, desirable, or advisable to perfect the security granted pursuant to the Security Agreement and (v) the terms and provisions of and the execution, delivery and performance of all other agreements, DIP Documents, and/or all other related documents constituting exhibits to the DIP Credit Agreement or that may be required, necessary, convenient, appropriate, desirable or advisable to be executed or delivered pursuant to the DIP Credit Agreement or otherwise related thereto, including, without limitation, (a) the Security Agreement, (b) any other Collateral Document (as defined in the DIP Credit Agreement), (c) any other Loan Document, (d) the Backstop Commitment Letter and (e) all certificates, notices, fee letters and other documents and agreements constituting exhibits to or required by the DIP Documents (each an "**Additional DIP Document**" and collectively, the "**Additional DIP Documents**"), the making of the representations and warranties in the DIP Credit Agreement and the Additional DIP Documents and compliance with the covenants under the DIP Credit Agreement and the Additional DIP Documents and the assumption of any obligations under and in respect of any of the foregoing, are hereby authorized and approved in all respects, and that any officer of such Entity (each, a "**DIP Authorized Person**"), who may act without the joinder of any other DIP Authorized Person, is hereby severally authorized, empowered, and directed, in the name and on behalf of such Entity, to negotiate, approve, review, execute and deliver (1) the DIP Credit Agreement and (2) each Additional DIP Document to which such Entity is a party, including with respect to any changes or additions thereto as any such DIP Authorized Person, in his or her sole discretion, may deem necessary, convenient, appropriate, advisable, or desirable, with the execution and delivery of the DIP Credit Agreement and such Additional DIP Documents with any changes or additions thereto by the relevant DIP Authorized Person to be conclusive evidence that such DIP Authorized Person deemed such changes or additions to meet such standard; and be it further

RESOLVED, that the form, terms and provisions of each of (i) the DIP Credit Agreement, including the use of proceeds to provide liquidity for the Company throughout the Chapter 11 Cases, substantially in the form presented to the Restructuring Committee and (ii) any and all of the Additional DIP Documents, agreements, including, without limitation, any guarantee and security agreement, letters, notices, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified, and/or filed in connection with the DIP Financing and the

performance of obligations thereunder, including the borrowings and guarantees contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

**RESOLVED**, that the signature of any DIP Authorized Person of any Entity to (i) the DIP Credit Agreement and (ii) any Additional DIP Document to which such Entity is a party shall be conclusive evidence of the authority of such DIP Authorized Person to execute and deliver the DIP Credit Agreement and/or such Additional DIP Documents to which such Entity is a party; and be it further

**RESOLVED**, that each DIP Authorized Person of each Entity, who may act without the joinder of any other DIP Authorized Person, is hereby severally authorized, in the name of and on behalf of such Entity, to take all actions (including, without limitation, (i) the negotiation, execution, delivery and filing of any agreement, certificate, instrument, or document (including any mortgage, financing statement, and/or similar document), (ii) the modification, amendment or waiver of, or consent to, any of the terms and conditions of the DIP Credit Agreement and/or any Additional DIP Document to which such Entity is a party, (iii) the payment of any consideration and (iv) the payment of indemnitees, fees, costs, expenses, taxes, and other amounts incurred by such Entity as any such DIP Authorized Person), in his or her sole discretion, may deem necessary, convenient, appropriate, desirable, or advisable (such acts to be conclusive evidence that such DIP Authorized Person deemed the same to meet such standard) in order to effect the transactions contemplated under the DIP Credit Agreement and any Additional DIP Document to which such Entity is a party, and all acts of any such DIP Authorized Person taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified, and confirmed in all respects; and be it further

**RESOLVED**, that each DIP Authorized Person of each Entity, who may act without the joinder of any other DIP Authorized Person, be, and hereby is, severally authorized, in the name and on behalf of such Entity, to prepare any amendment, waiver, and/or consent under the DIP Credit Agreement and/or any Additional DIP Document to which such Entity is a party as may be necessary, convenient, appropriate, desirable, or advisable at any time or from time to time, which amendment, waiver and/or consent may provide for modification or relief under the DIP Credit Agreement and/or any Additional DIP Document to which such Entity is a party and may require consent payments, fees, or other amounts payable in connection therewith, and that each DIP Authorized Person of each Entity be, and hereby is, authorized, in the name and on behalf of such Entity, to execute and deliver such amendments, waivers or consents under the DIP Credit Agreement and/or any Additional DIP Document to which such Entity is a party as such DIP Authorized Person shall deem to be necessary, convenient, appropriate, desirable, or advisable, such execution and delivery by such DIP Authorized Person to constitute conclusive evidence of his or her determination and approval of the necessity, convenience, appropriateness, desirability or advisability thereof; and be it further

**RESOLVED**, that any person dealing with any DIP Authorized Person of any Entity in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such officer and by his or her execution of any document or agreement, the same shall be valid and binding obligations of such Entity enforceable in accordance with their terms; and be it further

**RESOLVED**, that the Restructuring Committee hereby authorizes any current and/or future subsidiary of the Company, to the extent applicable, to execute any agreement and/or document as may be contemplated by the DIP Credit Agreement and/or any Additional DIP Document to which such Entity is a party; and be it further

## V.    Retention of Advisors

**RESOLVED**, that, in connection with the Chapter 11 Cases, any Authorized Person acting under the supervision of the Restructuring Committee, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, on behalf of the Company, that such Authorized Person deems necessary, appropriate or advisable in connection with, or in furtherance of, the Chapter 11 Cases, with a view to the successful prosecution of the Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

**RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, and 700 Louisiana Street, Suite 3700, Houston, Texas 77002, is hereby retained as attorneys for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of FTI Consulting Inc., located at 909 3rd Ave, 20th Floor, New York, NY 10022, is hereby retained as financial advisor for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Evercore Group, L.L.C., located at 909 3rd Ave, 20th Floor, New York, NY 10022, is hereby retained as investment banker for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Kroll Restructuring Administration LLC, located at 55 East 52nd Street, 17th Floor, New York, NY 10055, is hereby retained as claims agent for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that, with respect to the Company, each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to take and perform any and all further acts and deeds, including, without limitation: (i) the payment of any consideration; (ii) the payment of fees, expenses, and taxes such Authorized Person deems necessary, advisable, desirable, or appropriate; and (iii) negotiating, executing, delivering, and performing any and all documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates, and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by the foregoing resolutions (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

## VI.  "First Day" Declarant

**RESOLVED**, that in light of the familiarity and experience of Mike Salfity ("**Mr. Salfity**") with the Company, its day-to-day operations, business, and financial affairs, books and records, the circumstances leading to the commencement of the Chapter 11 Cases, and the Company's negotiations with its key stakeholders to date, the Restructuring Committee has determined it is appropriate and in the best interest of the Company to authorize Mr. Salfity to serve as a declarant and provide testimony on behalf of the Company with respect to the Company's need for the relief requested in the "first day" pleadings (the "**First Day Relief**") to be filed in connection with commencement of the Chapter 11 Cases; and be it further

**RESOLVED,** that Mr. Salfity is hereby authorized and empowered, on behalf of the Company, to provide testimony, including by declaration, on behalf of the Company regarding the Company, its day-to-day operations, business, and financial affairs, books and records, circumstances leading to the commencement of the Chapter 11 Cases, and further authorizes and empowers Mr. Salfity to act as signatory on the Restructuring Support Agreement, Plan, Disclosure Statement, and DIP Credit Agreement, and to engage in negotiations with the Company's key stakeholders and to make the Company's determination regarding the need for First Day Relief; and be it further

## VII.  General Authority and Ratification

**RESOLVED**, that any Authorized Person, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts or deeds that, in the judgment of such Authorized Person, shall be or become necessary, proper, or desirable in connection with the Chapter 11 Cases, including, but not limited to: (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, notes, certificates, or other documents that may be required; (ii) the execution, delivery, certification, recordation, performance under and filing (if applicable) of any of the foregoing; and (iii) the payment of all fees, consent payments, taxes, and other expenses as any such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate, or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings, and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to meet such standard; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Person in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects as the acts and deeds of the Company.

*       *       *       *

**IN WITNESS WHEREOF**, the Restructuring Committee has executed this Omnibus Action by Written Consent as of the date first set forth above.

**Restructuring Committee of the Board of Managers of Matrix Holdco, LLC**

_____
Gavin Patterson

_____
Carol Flaton

_____
Tripp Lane

OMNIBUS ACTION BY
WRITTEN CONSENT
OF THE
GOVERNING BODIES OF
MATRIX INTERMEDIATE, INC.
MATRIX HOLDCO, LLC
MATRIX PARENT, INC.
MOBILE ACQUISITION CORP.
MOBILEUM, INC.
PHASE 3 INNOVATIONS HOLDINGS, INC.
SIGOS LLC
UNWIREDSOFT, INC.
WE DO TECHNOLOGIES AMERICAS, INC.
CONVENE NETWORKS LLC
DEVELOPING SOLUTIONS INC.

**July 22, 2024**

**WHEREAS**, the undersigned, being all of the members of the board of directors or all of the members of the board of managers, as the case may be (in each case, the "**Governing Body**" and collectively, the "**Governing Bodies**"), of each of the entities specified on the signature pages hereto (each, an "**Entity**" and collectively, the "**Entities**") do hereby consent to, adopt, and approve by unanimous written consent the following resolutions in accordance with applicable law and the relevant provisions of the respective governing documents of the applicable Entity, and direct that this written consent be filed with the minutes of the proceedings of the relevant Governing Body;

**WHEREAS**, each Entity, as applicable, is a direct or indirect wholly-owned subsidiary of Matrix Intermediate, Inc. ("**Intermediate**," and all such Entities, including Intermediate, collectively, the "**Company**");

**WHEREAS**, each Governing Body has had the opportunity to review and analyze the assets, liabilities and liquidity of the Company, and the strategic alternatives available and the impact of the foregoing on the Company's business;

**WHEREAS**, each Governing Body has had the opportunity to consult with the management and the legal and financial advisors of the Company to fully consider, and has fully considered, the strategic alternatives available to the Company;

**WHEREAS**, on December 20, 2023, the Board of Managers of Matrix Holdco, LLC (the "**Holdings Board**") previously adopted resolutions (the "**Formation Resolutions**") establishing a committee of three (3) independent members of the Holdings Board (the "**Restructuring Committee**"), and delegated to the Restructuring Committee, certain rights, authority, and power to, among other things, consider, evaluate, oversee, pursue, negotiate, and recommend to the Holdings Board (if the Holdings Board approval is required under Delaware law) the entry into and consummation of one or more liability management transactions,

restructuring transactions, or transactions otherwise designed to address the Company's liquidity constraints (a "**Transaction**"), including (i) the provision of confidential information by or on behalf of the Company and its subsidiaries to third parties under cover of appropriate confidentiality arrangements in respect of a transaction, (ii) discussions and negotiations with the Company's stakeholders in respect of a Transaction, (iii) the implementation and execution of a Transaction by the Company, (iv) the engagement of advisors on behalf of the Company and instruction of such advisors in respect of a Transaction, and (v) any such other actions that the Restructuring Committee deems necessary or desirable to carry out its mandate;

WHEREAS, on the date hereof, the Restructuring Committee adopted resolutions (the "**Related-Party Resolutions**") (i) designating the Restructuring Support Agreement, the Plan, the Disclosure Statement, the DIP Documents and the Additional DIP Documents (each as defined in the Related-Party Resolutions, and collectively, the "**Transaction Documents**") and the proposed Transactions contemplated thereunder as a Potential Related Party Transaction, and approved entry into the same on behalf of each of the Governing Bodies and (ii) recommending that the Company file voluntary petitions seeking relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and;

WHEREAS, the Governing Body of Intermediate has had the opportunity to review and has reviewed the Transaction Documents;

WHEREAS, on the date hereof, the Restructuring Committee has recommended to the Holdings Board that the Company authorize and approve the actions set forth below.

## I.   <u>Commencement of the Chapter 11 Cases</u>

NOW, THEREFORE BE IT RESOLVED, the Governing Body of each Entity acknowledges the authorization of the Transaction by the Restructuring Committee and recommendation of the Restructuring Committee that the Company file voluntary petitions seeking relief under chapter 11 of the Bankruptcy Code as a condition of and in order to implement the Transaction; and be it further

RESOLVED, the Governing Body of each Entity has determined, following consultation with the management and the legal and financial advisors of the Company, that it is desirable and in the best interests of such Entity, its creditors, and other stakeholders that each Governing Body file a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"); and be it further

RESOLVED, that any officer or director of such Entity (each, an "**Authorized Person**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, verify, deliver, and file, in the name and on behalf of such Entity, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, affidavits, declarations, orders, notices, and other papers (collectively, the "**Chapter 11 Filings**") (with such changes therein and additions thereto as such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by such Authorized Person with any changes thereto to be conclusive evidence that such Authorized Person deemed such changes to meet such

standard) in the Bankruptcy Court, and, in connection therewith, to take and perform any and all further acts and deeds which such Authorized Person deems necessary, proper, or desirable in connection with the Company's administration of the chapter 11 cases (the, "**Chapter 11 Cases**"), including, without limitation, negotiating, executing, delivering, performing, and filing any and all documents, schedules, statements, lists, papers, agreements, certificates, and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Cases and the transactions and professional retentions set forth in this resolution; and be it further

**RESOLVED**, the Governing Body of Intermediate has determined, following consultation with the management and the legal and financial advisors of the Company, that it is desirable and in the best interests of Intermediate, its creditors and other stakeholders to enter into, execute, deliver, certify, file, and/or record, and perform the obligations arising under the Transaction Documents (including (i) the guaranty of the obligations thereunder as provided in the DIP Documents and (ii) the grant of a security interest in and Liens upon, mortgage, collateral assignment, hypothecation or pledge of all of the Company's assets, whether now owned or hereafter acquired, in favor of the DIP Secured Parties (as defined in the Related-Party Resolutions) securing the obligations under the DIP Credit Agreement (as defined in the Related-Party Resolutions)), and authorizes entry into the Transaction documents, substantially in the forms previously presented to the Governing Body, together with such other documents, agreements, instruments, and certificates as may be required by the Restructuring Support Agreement;

## II.   **General Authority and Ratification**

**RESOLVED**, that any Authorized Person, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts or deeds that, in the judgment of such Authorized Person, shall be or become necessary, proper, or desirable in connection with the Chapter 11 Cases, including, but not limited to: (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, notes, certificates, or other documents that may be required; (ii) the execution, delivery, certification, recordation, performance under and filing (if applicable) of any of the foregoing; and (iii) the payment of all fees, consent payments, taxes, and other expenses as any such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate, or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings, and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to meet such standard; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Person in the name and on behalf of any Entity in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects as the acts and deeds of such Entity.

*     *     *     *

3

**IN WITNESS WHEREOF**, each of the Governing Bodies has executed this Omnibus Action by Written Consent as of the date first set forth above.

**Board of Directors of Matrix Intermediate, Inc.**

DocuSigned by:

*Mike Salfity*

A593746E576C4CA

Mike Salfity

_____

Ripu Singh

**IN WITNESS WHEREOF**, each of the Governing Bodies has executed this Omnibus Action by Written Consent as of the date first set forth above.

**Board of Directors of Matrix Intermediate, Inc.**

_____
Mike Salfity

_____
Ripu Singh

**Board of Managers of Matrix Holdco, LLC**

_____
Nishant Nayyar

_____
Alexander Thorn

_____
Iveshu Bhatia

_____
Tim Mack

_____
Mike Salfity

_____
Gavin Patterson

_____
Carol Flaton

_____
Tripp Lane

**Board of Managers of Matrix Holdco, LLC**

_____
Nishant Nayyar

_____
Alexander Thorn

_____
Iveshu Bhatia

_____
Tim Mack

_____
Mike Salfity

_____
Gavin Patterson

_____
Carol Flaton

_____
Tripp Lane

[Signature Page to Omnibus Action by Written Consent]

**Board of Directors of Matrix Parent, Inc.**

DocuSigned by:

*Mike Salfity*

A593746E576C4CA...

_____
Mike Salfity


_____
Ripu Singh

[Signature Page to Omnibus Action by Written Consent]

**Board of Directors of Matrix Parent, Inc.**

_____

Mike Salfity

Ripu Singh

**Board of Directors of Mobile Acquisition Corp.**

_____
Mike Salfity


_____
Ripu Singh

**Board of Directors of Mobile Acquisition Corp.**

_____
Mike Salfity

_____
Ripu Singh

**Board of Directors of Mobileum, Inc.**

_Mike Salfity_
_____
Mike Salfity

_____
Ripu Singh

[Signature Page to Omnibus Action by Written Consent]

**Board of Directors of Mobileum, Inc.**

_____
Mike Salfity

_____
Ripu Singh

**Board of Directors of Phase 3 Innovations Holdings, Inc.**

DocuSigned by:

*Mike Salfity*

A593740E576046A...

_____

Mike Salfity


_____

Ripu Singh

**Board of Directors of Phase 3 Innovations Holdings, Inc.**

_____
Mike Salfity

_____
Ripu Singh

[Signature Page to Omnibus Action by Written Consent]

**Board of Managers of SIGOS LLC**

DocuSigned by:

*Mike Salfity*

A5897A9E570C4CA
_____

Mike Salfity

_____

Ripu Singh

**Board of Managers of SIGOS LLC**

_____
Mike Salfity

_____
Ripu Singh

[Signature Page to Omnibus Action by Written Consent]

**Board of Directors of UnwiredSoft, Inc.**

DocuSigned by:

*Mike Salfity*

A593746E576C4CA...

_____

Mike Salfity

_____

Ripu Singh

[Signature Page to Omnibus Action by Written Consent]

**Board of Directors of UnwiredSoft, Inc.**

_____
Mike Salfity

_____
Ripu Singh

**Board of Directors of We Do Technologies Americas, Inc.**

_Mike Salfity_
A593746E576C4CA
_____
Mike Salfity


_____
Ripu Singh

[Signature Page to Omnibus Action by Written Consent]

**Board of Directors of We Do Technologies Americas, Inc.**


_____
Mike Salfity

_____
Ripu Singh

**Board of Managers of Convene Networks LLC**

_____
Mike Salfity

_____
Ripu Singh

**Board of Managers of Convene Networks LLC**

_____

Mike Salfity

_____

Ripu Singh

**Board of Directors of Developing Solutions Inc.**

DocuSigned by:

*Mike Salfity*

A593746E576C4CA

Mike Salfity

_____

Ripu Singh

**Board of Directors of Developing Solutions Inc.**

_____
Mike Salfity

_____
Ripu Singh

[Signature Page to Omnibus Action by Written Consent]

**Fill in this information to identify the case:**

Debtor name:  Mobileum, Inc.

United States Bankruptcy Court for the Southern District of Texas
                                                                (State)

Case number (*If known*):        24-_____  ( )

☐ Check if this is an
   amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                                    12/15

A list of consolidated creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Jefferies Finance LLC Attn.:  Brian Buoye 520 Madison Avenue New York, New York 10022 | Attn.:  Brian Buoye Phone:  (212) 284-2300 Email:  jfin.admin@jefferies.com | 1L Credit Agreement | Contingent Unliquidated | $471,735,812.14 | | Undetermined |
| 2 | Jefferies Finance LLC Attn.:  Brian Buoye 520 Madison Avenue New York, New York 10022 | Attn.:  Brian Buoye Phone:  (212) 284-2300 Email:  jfin.admin@jefferies.com | 2L Credit Agreement | Contingent Unliquidated | $183,850,781.32 | | Undetermined |
| 3 | Wilmington Trust, National Association Attn.:  Legal Department 1100 North Market Street-IRW Tax Wilmington, Delaware 19890 | Attn.:  Legal Department Phone:  (716) 635-0210 Email:  ldp@mtb.com | 14% Senior Secured Notes | Contingent Unliquidated | $34,679,356.42 | | Undetermined |
| 4 | Integra Micro Systems (P) Ltd. Attn.:  Nafees Malik G-5, Swiss Complex, 33 Race Course Road Bangalore, 560001 India | Attn.:  Nafees Malik Phone:  +91-80 28565801 (2, 3) Fax:  +91-80-22203928 Email:  info@integramicro.com | Trade Debt | | | | $453,972.69 |
| 5 | Qualcomm Technologies, Inc. Attn.:  K Das 5775 Morehouse Drive San Diego, California 94121-1714 | Attn.:  K Das Phone:  +852 52903837 Fax:  +852 25371188 Email:  cvemulap@qti.qualcomm.com | Trade Debt | | | | $438,150.69 |
| 6 | Azalio Technologies LLC Attn.:  Nishu Jindal 8 The Green, Suite A Dover, Delaware 19901 | Attn.:  Nishu Jindal Phone:  +91 98554-44033 Email:  nishu.jindal@azalio.io | Trade Debt | | | | $288,290.00 |
| 7 | Euratek Odyssey Trading Ltd. Attn.:  Didi Adil Allways Centre 16F 468 Jaffe Road, Causeway Bay Hong Kong | Attn.:  Didi Adil Phone:  +852 52903837 Email:  didi@euratek.net | Trade Debt | | | | $238,185.00 |

| Debtor | Mobileum, Inc. | Case number (if known) | 24-_____ ( ) |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 Sheeltron Digital Systems Pvt. Ltd.<br>Attn.: Kokila<br>No. 10, Seshadripuram Main Road,<br>Seshadripuram, Bangalore-560 020<br>Bangalore, Kartnataka 560 020 | Attn.: Kokila<br>Phone: (994) 545-2895 Ext. 0000<br>Email: kokila@sheeltron.com | Trade Debt | Contingent Unliquidated | | | $200,138.72 |
| 9 Dialogic Corporation<br>Attn.: Echo Yu<br>216 Route 17 North, Suite 301<br>Rochelle Park, New Jersey 07662 | Attn.: Echo Yu<br>Phone: (289) 859-7634<br>Email: ar.dialogic@enghouse.com | Trade Debt | Contingent Unliquidated | | | $163,486.56 |
| 10 Integra Datatech Private Limited<br>Attn.: Nafees Malik<br>G-5, Swiss Complex, 33 Race Course Road<br>Bangalore, 560001 India | Attn.: Nafees Malik<br>Phone: +91-80 28565801 (2, 3)<br>Fax: +91-80-22203928<br>Email: info@integramicro.com | Trade Debt | | | | $153,472.36 |
| 11 Cloudera Inc.<br>Attn.: Ashley Aherne<br>5470 Great America Parkway<br>Santa Clara, California 95054 | Attn.: Ashley Aherne<br>Phone: (888) 789-1488 Ext. 0008<br>Email: ar@cloudera.com | Trade Debt | Contingent Unliquidated | | | $149,270.77 |
| 12 GSMK Gesellschaft fuer Sichere Mobile Kommunikation mbH<br>Attn.: GSMK Office Team<br>Marienstrasse 11<br>10117 Berlin, Germany | Attn.: GSMK Office Team<br>Phone: +49-30-24625000<br>Fax: +49 030 246 25 00 1<br>Email: office@cryptophone.de | Trade Debt | | | | $111,839.39 |
| 13 Tech Hat Pvt. Ltd.<br>Attn.: Jeevan M R<br>34/1 Vani Vilas Road<br>Basavanagudi, Bangalore, 560004 India | Attn.: Jeevan M R<br>Phone: +919036231767<br>Email: jeevan.mr@techhat.co.in | Trade Debt | Contingent Unliquidated | | | $111,407.29 |
| 14 GSMA<br>Attn.: Serena Hayes<br>100 Abernathy Road, Suite 450<br>Atlanta, Georgia 30328 | Attn.: Serena Hayes<br>Phone: (678) .29-1.00 Ext. 0011<br>Fax: (678) 281-6601<br>Email: billing@gsma.com | Trade Debt | | | | $81,020.36 |
| 15 Harkynon Technologies<br>Attn.: Temmy Abejide<br>BLK 4A, PLT 7, Adeleke Adekanmi close<br>Magodo GRA, Lagos State, Nigeria | Attn.: Temmy Abejide<br>Phone: 8060275215<br>Email: payments@harkynontechnologies.com | Trade Debt | Contingent Unliquidated | | | $77,840.00 |
| 16 Simartis Telecom SRL<br>Attn.: Ivan Pavlov<br>Simartis House, Floor 1&2<br>5 Intrarea Amzei Sector 1<br>010346, Bucharest, Romania | Attn.: Ivan Pavlov<br>Phone: +40 21 310 9165<br>Email: global.info@simartis.com | Trade Debt | Contingent Unliquidated | | | $72,398.12 |
| 17 Luminance Technologies<br>Attn.: Harry Borovick<br>6 Duke Street<br>St. James's, London SW1Y 6BN<br>United Kingdom | Attn.: Harry Borovick<br>Phone: +44 (0) 204 502 4790<br>Email: info@luminance.com | Trade Debt | Contingent Unliquidated | | | $69,940.12 |

Debtor    Mobileum, Inc.        Case number (if known)    24-_____ ( )

Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | Indotech Co., Ltd. Attn.: Barua Soumendra Kanda Jimbocho 2 Chome, Building 7F 2-2 Kanda Jimbocho Chiyoda-Ku, Tokyo, Japan 101-0051 | Attn.: Barua Soumendra Phone: +03-6672-6855 Fax: +03 6674 1269 Email: barua.soumendra@indotech.jp | Trade Debt | Contingent Unliquidated | | | $67,202.83 |
| 19 | Evernex Hong Kong Ltd. Attn.: Joyce Choi Room 1004, No. 4, Kodak House II, 39 Healthy Street East, Quarry Bay, Hong Kong, China | Attn.: Joyce Choi Phone: +852-27989877 Fax: +852 2802 4549 Email: jchoi@evernex.com | Trade Debt | | | | $61,091.09 |
| 20 | Daemon Enterprise Pte. Ltd. Attn.: Kokila Kuk 180 Paya Lebar Road #09-02 Yi Guang Factory Building Singapore 409032 | Attn.: Kokila Kuk Phone: +65 6844 7844 Fax: +6567479700 Email: sales.sg@daemon.co.in | Trade Debt | Contingent Unliquidated | | | $54,000.00 |
| 21 | Thales DIS USA, Inc. Attn.: Jana Hlasova 9442 Capital of Texas Highway North, Suite 400 Austin, Texas 78759 | Attn.: Jana Hlasova Phone: (703) 838-9685 Fax: (703) 838-9692 Email: corporate.communications@us.thalesgroup.com | Trade Debt | Contingent Unliquidated | | | $49,464.00 |
| 22 | ALIGNED VERTICAL PVT. LTD. Attn.: Zehra Hayat 2nd Floor, Tower 1 Advant Navis Business Park Noida, Uttar Pradesh 201301 | Attn.: Zehra Hayat Phone: (920) 593-6050 Fax: 920-465-3003 Email: account@alignedvertical.com | Trade Debt | Contingent Unliquidated | | | $42,284.52 |
| 23 | CtrlS Datacenters Limited Attn.: Ajay Sarawagi 16, Software Units Layout Madhapur, (Hitech-City) Hyderabad, Telangana, 500081 | Attn.: Ajay Sarawagi Phone: (871) 261-4578 Email: collections@ctrls.in | Trade Debt | | | | $40,603.12 |
| 24 | Crunchy Data Solutions, Inc. Attn.: Lauren Hicks 162 Seven Farms Drive, Suite 220 Charleston, South Carolina 29492 | Attn.: Lauren Hicks Phone: (843) 737-6045 Email: info@crunchydata.co | Trade Debt | Contingent Unliquidated | | | $40,140.00 |
| 25 | Oracle Belgium Attn.: Elena Tudoras BVBA Medialaan 50, 1800 Vilvoorde Belgium | Attn.: Elena Tudoras Phone: +32-80080362 Email: collections_be@oracle.com | Trade Debt | Contingent Unliquidated | | | $37,202.95 |
| 26 | INFOBRAIN AG Attn.: Adrian Kienzi Im Langhag 5 8307 Effretikon, Switzerland | Attn.: Adrian Kienzi Phone: +41 523-5532 Ext. 3200 Fax: +41-42/355 32 33 Email: adrian.kienzi@infobrain.com | Trade Debt | | | | $31,890.00 |
| 27 | Niveus Solutions Private Limited Attn.: Temmy Abejide 4th Floor, Amruth Arcade, above Damro Showroom, beside Govinda Kalyana Mantapa, Kinnimulki, Udupi, Karnataka 576101, India | Attn.: Temmy Abejide Phone: +91 820 252 0256 Email: biz@niveussolutions.com | Trade Debt | Contingent Unliquidated | | | $31,811.72 |

Debtor    Mobileum, Inc.        Case number (if known)    24-_____ (  )

Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28   CISION Portugal<br>Attn.: Cali Tran<br>Dist. de Informacao Geral, S.A Rua Entre Vinhas, Edificio Cision, Eiras 3020-171 | Attn.: Cali Tran<br>Phone: (312) 922-2400<br>Email: finance.uk@cision.com | Trade Debt | Contingent Unliquidated | | | $28,800.00 |
| 29   Dbvisit Software Limited<br>Attn.: Meloralyn Vandusen<br>P.O. Box 44223<br>Point Chevalier, Auckland, New Zealand 1246 | Attn.: Meloralyn Vandusen<br>Phone: +(64) 9 815 0440 Ext. 3302<br>Email: sales@dbvisit.com | Trade Debt | Contingent Unliquidated | | | $26,725.48 |
| 30   Qosmos Tech SAS<br>Attn.: Christian Fieurgand<br>Immeuble Cardinet 8 Rue<br>Bernard Buffet, Paris, 75017 France | Attn.: Christian Fieurgand<br>Phone: +33 140 37 00 02<br>Fax: + 33 140 37 00 02<br>Email:<br>christian.fieurgand@enea.com | Trade Debt | Contingent Unliquidated | | | $26,706.65 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **MOBILEUM, INC.,** | § | Case No. 24-_____ ([●]) |
| | § | |
| | § | |
| Debtor. | § | |
| | § | |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
PURSUANT TO FED. R. BANKR. P. 1007 AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), attached hereto as **Exhibit A** is an organizational chart reflecting all of the ownership interests in Mobileum, Inc. and its debtor affiliates (each, a "**Debtor**" and collectively, the "**Debtors**").   Pursuant to Rule 1007(a)(3) of the Bankruptcy Rules, the organizational chart identifies all holders having an equity interest in the above-captioned debtor in possession.   The Debtors respectfully represent as follows:

1.    Each Debtor listed in **Exhibit A** is 100% owned by its direct parent unless otherwise noted.

2.    Matrix Topco, L.P. is the ultimate parent company of each of the Debtors, and directly or indirectly owns a 100% equity in each of the Debtors.

## Exhibit A

**Organizational Chart**



**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|   |   |   |
|---|---|---|
| In re: | § § § | Chapter 11 |
| **MOBILEUM, INC.,** | § § § | Case No. 24-_____ ([●]) |
| Debtor. | § § § § | |

<u>**LIST OF EQUITY HOLDERS**</u>[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies the equity security holders of the above-captioned debtor in possession (the "**Debtor**").

Check applicable box:

☐ There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

☒ The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Percentage/Number of Interests Held |
|---|---|---|
| Mobile Acquisition Corp.<br>20813 Stevens Creek Boulevard, Suite 200<br>Cupertino, California 95014 | Common Stock | 100% |

---

[1] This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the Debtor's chapter 11 case.

**Fill in this information to identify the case:**

Debtor name: Mobileum, Inc.

United States Bankruptcy Court for the Southern District of Texas

Case number (*If known*):     24-_____ ( ) _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule ____
- ☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☒ Other document that requires a declaration Consolidated Corporate Ownership Statement and List of Equity Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   July 23, 2024          **x** /s/ Mike Salfity _____
            MM /DD /YYYY                      Signature of individual signing on behalf of debtor

                                    Mike Salfity _____
                                    Printed name

                                    Chief Executive Officer _____
                                    Position or relationship to debtor