**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **CONVENE NETWORKS LLC,** | Case No. 24-90412 (CML) |
| | **(Emergency Hearing Requested)** |
| **Debtor.** | |
| Tax I.D. No. (45-4902820) | |
| **In re:** | Chapter 11 |
| **DEVELOPING SOLUTIONS INC.,** | Case No. 24-90413 (CML) |
| | **(Emergency Hearing Requested)** |
| **Debtor.** | |
| Tax I.D. No. (75-3076177) | |
| **In re:** | Chapter 11 |
| **MOBILEUM, INC.,** | Case No. 24-90414 (CML) |
| | **(Emergency Hearing Requested)** |
| **Debtor.** | |
| Tax I.D. No. (94-3357417) | |

| | | |
|---|---|---|
| **In re:** § | **Chapter 11** | |
| § | | |
| **MATRIX INTERMEDIATE, INC.,** § | **Case No. 24-90415 (CML)** | |
| § | | |
| § | **(Emergency Hearing Requested)** | |
| Debtor. § | | |
| § | | |
| Tax I.D. No. (92-2567287) § | | |
| ------------------------------------------------§ | | |
| **In re:** § | **Chapter 11** | |
| § | | |
| **MATRIX HOLDCO, LLC,** § | **Case No. 24-90416 (CML)** | |
| § | | |
| § | **(Emergency Hearing Requested)** | |
| Debtor. § | | |
| § | | |
| Tax I.D. No. (87-4310039) § | | |
| ------------------------------------------------§ | | |
| **In re:** § | **Chapter 11** | |
| § | | |
| **MATRIX PARENT, INC.,** § | **Case No. 24-90417 (CML)** | |
| § | | |
| § | **(Emergency Hearing Requested)** | |
| Debtor. § | | |
| § | | |
| Tax I.D. No. (87-4129085) § | | |
| ------------------------------------------------§ | | |
| **In re:** § | **Chapter 11** | |
| § | | |
| **MOBILE ACQUISITION CORP.,** § | **Case No. 24-90418 (CML)** | |
| § | | |
| § | **(Emergency Hearing Requested)** | |
| Debtor. § | | |
| § | | |
| Tax I.D. No. (81-4089591) § | | |
| ------------------------------------------------§ | | |

2

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| SIGOS LLC, | § | Case No. 24-90419 (CML) |
| Debtor. | § | **(Emergency Hearing Requested)** |
| Tax I.D. No. (47-3081763) | § | |
| **In re:** | § | **Chapter 11** |
| UNWIREDSOFT, INC., | § | Case No. 24-90420 (CML) |
| Debtor. | § | **(Emergency Hearing Requested)** |
| Tax I.D. No. (77-0542064) | § | |
| **In re:** | § | **Chapter 11** |
| WE DO TECHNOLOGIES AMERICAS, INC., | § | Case No. 24-90421 (CML) |
| Debtor. | § | **(Emergency Hearing Requested)** |
| Tax I.D. No. (20-5739338) | § | |
| **In re:** | § | **Chapter 11** |
| PHASE 3 INNOVATIONS HOLDINGS, INC., | § | Case No. 24-90422 (CML) |
| Debtor. | § | **(Emergency Hearing Requested)** |
| Tax I.D. No. (82-2851899) | § | |

# EMERGENCY MOTION OF DEBTORS
# PURSUANT TO BANKRUPTCY RULE 1015(b)
# AND BANKRUPTCY LOCAL RULE 1015-1 FOR ORDER
# DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 10:00 A.M. (CENTRAL TIME) ON JULY 24, 2024.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Mobileum, Inc. and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

## Background

1. On the date hereof (the "**Petition Date**"), the Debtors each commenced with the Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2. The Debtors, together with certain of their non-debtor affiliates (collectively, the "**Company**"), are a leading provider of telecom analytics solutions for roaming and network services, security, fraud management, revenue and business assurance, testing, and customer engagement and experience for global Communication Services Providers (CSPs). The Company's analytics solutions are provided through a combination of software, cloud-based

products, and third party hardware as well as maintenance, subscription, implementation services, and managed services for those products. Through this suite of innovative products and solutions, the Company is able to drive customer revenues, improve network security, minimize fraud, and ensure active testing and network monitoring.

3. On July 23, 2024, the Debtors entered into a restructuring support agreement (as may be amended from time to time and including all exhibits thereto, the "**Restructuring Support Agreement**") with (a)(1) an ad hoc group of first lien lenders (the "**First Lien Ad Hoc Group**") which collectively hold, own, or control approximately 88% of the aggregate outstanding principal amount of loans under the Prepetition First Lien Credit Agreement, and (2) an ad hoc group of first lien noteholders and second lien lenders (the "**Crossholder Ad Hoc Group**") which collectively hold, own, or control approximately (i) 100% of the aggregate outstanding principal amount of notes under the Prepetition First Lien Notes Facility and (ii) 75% of the aggregate outstanding principal amount of loans under the Prepetition Second Lien Credit Agreement (collectively, the "**Consenting Creditors**") and (b) the Debtors' prepetition equity sponsor (the "**Consenting Sponsor**" and, together with the Consenting Creditors, the "**Consenting Parties**"). Under the Restructuring Support Agreement, each Consenting Party has agreed to support the Company's restructuring pursuant to the *Joint Chapter 11 Plan of Mobileum, Inc. and Its Affiliated Debtors* (as may be modified, amended, or supplemented and including any exhibits, schedules, or supplements thereto, the "**Plan**") filed contemporaneously herewith.

4. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Mike Salfity in Support of Debtors' Chapter 11 Petitions and First*

5

*Day Relief* (the "**First Day Declaration**"),[1] filed contemporaneously herewith and incorporated herein by reference.

## Jurisdiction

5. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

6. By this Motion, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**"), the Debtors request entry of an order directing the consolidation of their chapter 11 cases for procedural purposes only.

7. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

## Relief Requested Should Be Granted

8. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Section 101(2) of the Bankruptcy Code defines the term "affiliate" to mean:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
> > (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

6

>> (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
>> (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>>
>> (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote . . . .

11 U.S.C. § 101(2).  In addition, Bankruptcy Local Rule 1015-1 provides for the joint administration of related chapter 11 cases.  The Debtors are affiliates of one another because Matrix Topco, L.P. owns, either directly or indirectly, 100% of the outstanding ownership interests in each of the other Debtors.  Accordingly, the Court is authorized to jointly administer these chapter 11 cases for procedural purposes.

9. Joint administration of these chapter 11 cases will save the Debtors and their estates substantial time and expense because it will remove the need to prepare, replicate, file, and serve duplicative notices, applications, and orders.  Joint administration will also relieve the Court of entering duplicative orders and maintaining duplicative files and dockets.  The United States Trustee for the Southern District of Texas and other parties-in-interest will similarly benefit from joint administration of these chapter 11 cases, sparing them the time and effort of reviewing duplicative dockets, pleadings, and papers.

10. Joint administration will not adversely affect creditors' rights because this Motion requests only the administrative consolidation of the estates for procedural purposes, and does not seek substantive consolidation.  As such, each creditor will continue to hold its claim against a particular Debtor's estate after this Motion is approved.

11. The Debtors respectfully request that each of the Debtors' chapter 11 cases be administered under a consolidated caption, in the following form:

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **MOBILEUM, INC.**, *et al.*, | § § § | **Case No. 24-90414 (CML)** |
| | § § | **(Jointly Administered)** |
| Debtors.[1] | § § | |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Mobileum, Inc. (7417); Matrix Intermediate, Inc. (7287); Matrix Holdco, LLC (0039); Matrix Parent, Inc. (9085); Mobile Acquisition Corp. (9591); SIGOS LLC (1763); UnwiredSoft, Inc. (2064); We Do Technologies Americas, Inc. (9338); Convene Networks LLC (2820); Developing Solutions Inc. (6177); and Phase 3 Innovations Holdings, Inc. (1899). The Debtors' mailing address is 20813 Stevens Creek Boulevard, Suite 200, Cupertino, CA 95014.

12. The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered on the docket in each Debtor's chapter 11 case (other than the chapter 11 case of Mobileum, Inc.) to reflect the joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Mobileum, Inc., *et al.* The docket in Case No. 24-90414 (CML) should be consulted for all matters affecting this case.

13. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

**Notice**

14. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: July 23, 2024
      Houston, Texas

Respectfully submitted,

 /s/  Gabriel A. Morgan
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   Gabriel.Morgan@weil.com
         Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Jeffrey D. Saferstein (*pro hac vice* pending)
Alexander W. Welch (*pro hac vice* pending)
Daphne Papadatos (*pro hac vice* pending)
Eric L. Einhorn (*pro hac vice* pending)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Jeffrey.Saferstein@weil.com
         Alexander.Welch@weil.com
         Daphne.Papadatos@weil.com
         Eric.Einhorn@weil.com

*Proposed Attorneys for Debtors
and Debtors in Possession*

**Certificate of Service**

I hereby certify that on July 23, 2024, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                    _/s/  Gabriel A. Morgan_
                                                    Gabriel A. Morgan