IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| MOBILEUM, INC., *et al.*, | § | Case No. 24-90414 (CML) |
| | § | |
| | § | (Joint Administration Requested) |
| Debtors.[1] | § | (Emergency Hearing Requested) |
| | § | |

EMERGENCY MOTION OF DEBTORS
FOR ENTRY OF AN ORDER (I) SCHEDULING
COMBINED HEARING ON (A) ADEQUACY OF
DISCLOSURE STATEMENT AND (B) CONFIRMATION
OF PLAN, (II) APPROVING SOLICITATION PROCEDURES
AND FORM AND MANNER OF NOTICE OF COMMENCEMENT,
COMBINED HEARING, AND OBJECTION DEADLINE, (III) FIXING
DEADLINE TO OBJECT TO DISCLOSURE STATEMENT AND PLAN,
(IV) APPROVING NOTICE AND OBJECTION PROCEDURES FOR ASSUMPTION
OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (V) CONDITIONALLY
(A) DIRECTING THE UNITED STATES TRUSTEE NOT TO CONVENE
SECTION 341 MEETING OF CREDITORS AND (B) WAIVING REQUIREMENT
TO FILE STATEMENTS OF FINANCIAL AFFAIRS AND SCHEDULES
OF ASSETS AND LIABILITIES, AND (VI) GRANTING RELATED RELIEF

---

**EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 10:00 A.M. (CENTRAL TIME) ON JULY 24, 2024.**

**IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows:  Mobileum, Inc. (7417); Matrix Intermediate, Inc. (7287); Matrix Holdco, LLC (0039); Matrix Parent, Inc. (9085); Mobile Acquisition Corp. (9591); SIGOS LLC (1763); UnwiredSoft, Inc. (2064); We Do Technologies Americas, Inc. (9338); Convene Networks LLC (2820); Developing Solutions Inc. (6177); and Phase 3 Innovations Holdings, Inc. (1899).  The Debtors' mailing address is 20813 Stevens Creek Boulevard, Suite 200, Cupertino, CA 95014.

Mobileum, Inc. and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

<u>**Background**</u>

1.     On the date hereof (the "**Petition Date**"), the Debtors each commenced with the Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2.     Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

3.     The Debtors, together with certain of their non-debtor affiliates (collectively, the "**Company**"), are a leading provider of telecom analytics solutions for roaming and network services, security, fraud management, revenue and business assurance, testing, and customer engagement and experience for global Communication Services Providers ("**CSPs**"). The Company's analytics solutions are provided through a combination of software, cloud-based products, and third party hardware as well as maintenance, subscription, implementation services, and managed services for those products.  Through this suite of innovative products and solutions, the Company is able to drive customer revenues, improve network security, minimize fraud, and ensure active testing and network monitoring.

2

4.      On July 23, 2024, the Debtors entered into a restructuring support agreement (as may be amended from time to time and including all exhibits thereto, the "**Restructuring Support Agreement**") with (a)(1) an ad hoc group of first lien lenders (the "**First Lien Ad Hoc Group**") which collectively hold, own, or control approximately 88% of the aggregate outstanding principal amount of loans under the Prepetition First Lien Credit Agreement, and (2) an ad hoc group of first lien noteholders and second lien lenders (the "**Crossholder Ad Hoc Group**") which collectively hold, own, or control approximately (i) 100% of the aggregate outstanding principal amount of notes under the Prepetition First Lien Notes Facility and (ii) 77% of the aggregate outstanding principal amount of loans under the Prepetition Second Lien Credit Agreement (collectively, the "**Consenting Creditors**") and (b) the Debtors' prepetition equity sponsor (the "**Consenting Sponsor**" and, together with the Consenting Creditors, the "**Consenting Parties**").  Under the Restructuring Support Agreement, each Consenting Party has agreed to support the Company's restructuring pursuant to the *Joint Chapter 11 Plan of Mobileum, Inc. and Its Affiliated Debtors* (as may be modified, amended, or supplemented and including any exhibits, schedules, or supplements thereto, the "**Plan**") filed contemporaneously herewith.

5.      Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Mike Salfity in Support of Debtors' Chapter 11 Petitions and First Day Relief* (the "**First Day Declaration**"), filed contemporaneously herewith and incorporated herein by reference.[2]

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

## Jurisdiction

6.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

7.      By this Motion, pursuant to sections 105(a), 341, 521(a), 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 1007(b), 2002, 2003, 3016, 3017, 3018, 3020, and 9006, Bankruptcy Local Rules 3016-2 and 9013-1, and the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (the "**Complex Chapter 11 Procedures**"), the Debtors request entry of an order:

i.    scheduling a combined hearing (the "**Combined Hearing**") to (i) approve the *Disclosure Statement for Joint Chapter 11 Plan of Mobileum, Inc. and Its Affiliated Debtors* (as may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**") and (ii) consider confirmation of the *Joint Chapter 11 Plan of Mobileum, Inc. and Its Affiliated Debtors* (as may be amended, modified, or supplemented from time to time and including all exhibits thereto, the "**Plan**");

ii.   establishing a deadline to object to the adequacy of the Disclosure Statement and confirmation of the Plan (the "**Objection Deadline**");

iii.  approving the Solicitation Procedures (as defined herein) with respect to the Plan, including the forms of Ballots and Notice of Non-Voting Status (each as defined herein);

iv.   approving the form and manner of the notice of the commencement of the Debtors' chapter 11 cases, the Combined Hearing, and the Objection Deadline;

v.    approving the notice and objection procedures in connection with the assumption of executory contracts and unexpired leases pursuant to the Plan;

vi.   so long as the Plan is confirmed on or before October 5, 2024 (the "**SOFA/Schedule Deadline**"), (a) directing the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") not to convene an initial meeting of creditors under section 341(a) of the

4

Bankruptcy Code (the "**341 Meeting**"), (b) waiving the requirement that the Debtors file statements of financial affairs ("**SOFAs**") and schedules of assets and liabilities ("**Schedules**"), and (c) waiving the requirement that the Debtors file their initial reports of financial information with respect to entities in which their chapter 11 estates hold a controlling or substantial interest, as set forth in Bankruptcy Rule 2015.3 (the "**2015.3 Reports**"); and

vii.   granting related relief.

8.   A proposed form of order granting the relief requested herein is annexed

hereto as **Exhibit A** (the "**Proposed Order**").

9.     The following table summarizes the relevant dates requested in this Motion (subject to the Court's calendar):

| Event | Date/Deadline |
|---|---|
| Voting Record Date | July 19, 2024 |
| Solicitation Commencement Date | July 23, 2024 |
| Petition Date | July 23, 2024 |
| Mailing of Combined Notice and Notice of Non-Voting Status | Within one (1) business day following entry of this Order (or as soon as reasonably practicable thereafter) |
| Plan Supplement Initial Filing | August 16, 2024 |
| Voting Deadline | August 23, 2024 |
| Deadline for Non-Voting Holders to Submit Opt-Out Election Form | August 23, 2024 |
| Plan/Disclosure Statement Objection Deadline | August 23, 2024 |
| Combined Hearing | September 11, 2024 |
| SOFA/Schedule Deadline | October 5, 2024 |

10.     Also, summarized below are the attachments and exhibits cited throughout this Motion:

| Pleading | Exhibit |
|---|---|
| Proposed Order | Exhibit A to this Motion |
| Combined Notice | Exhibit 1 to the Proposed Order |
| Notice of Non-Voting Status | Exhibit 2 to the Proposed Order |
| Form of Class 3 Ballot | Exhibit 3 to the Proposed Order |
| Form of Class 4 Ballot | Exhibit 4 to the Proposed Order |

**The Plan**

11.     As described in more detail in the First Day Declaration, during the months leading up to the Petition Date, the Debtors negotiated a holistic balance-sheet restructuring memorialized in the Plan, filed concurrently with this Motion.  The Plan has the overwhelming support of the Debtors' major stakeholders, as evidenced by the Restructuring Support Agreement, which was executed by the Consenting Parties.

12.     The Plan will accomplish a material deleveraging of the Debtors' balance sheet by reducing debt by approximately $468,000,000 and will result in the injection of

6

$160,000,000 of new capital to ensure the Company has sufficient liquidity on a post-emergence basis, without impairing business operations and, notably, satisfying general unsecured claims in full.  Pursuant to the Restructuring Support Agreement, the Consenting Parties agreed to, among other things, vote in favor of and support confirmation of the Plan.  Accordingly, with the support of their key stakeholders and the Plan, the Debtors expect to emerge from these chapter 11 cases expeditiously with a healthier balance sheet and the ability to continue to provide high-quality analytic solutions to all domestic and international customers.

13.     The following table demonstrates the anticipated difference in the Debtors' capital structure as of the Petition Date compared to the capital structure contemplated by the Plan upon emergence from chapter 11:

| Existing Capital Structure | | Pro Forma Capital Structure | |
|---|---|---|---|
| **First-Lien Debt** | | **First-Lien Debt** | |
| RCF due 2027 | $53 | New 1L Term Loan Facility | $160 |
| 1L Term Loan due 2029 | 381 | | |
| Senior Secured Notes due 2029 | 32 | | |
| **Total First-Lien Debt** | **$465** | **Total First-Lien Debt** | **$160** |
| | | | |
| **Second-Lien Debt** | | | |
| Term Loan due 2030 | $163 | | |
| **Total Debt** | **$628** | **Total Debt** | **$160** |

14.     Subject to the Court's approval, the Plan implements a balance-sheet restructuring and an infusion of up to $160 million in new capital.

15.     The Debtors' general unsecured creditors, such as certain trade and critical vendors, employees, and insurance providers are unimpaired under the Plan and, pursuant to relief sought at the outset of these cases, will continue to receive payments in the ordinary course of business, subject to the applicable contracts and arrangements governing their respective relationship with the Debtors.  In short, the Debtors anticipate and intend that operations will continue unchanged and uninterrupted as a result of these chapter 11 cases.  Accordingly, the

Debtors believe that the Restructuring contemplated by the Restructuring Support Agreement and the Plan represent the best path forward to strengthen their business by materially de-levering their balance sheet, while allowing business operations to continue without unnecessary interruption.

### Relief Requested Should Be Granted

**A.      Scheduling a Combined Hearing Is Reasonable and Appropriate.**

16.      The Debtors seek the Combined Hearing to consider approval of the Disclosure Statement and the Plan.  Section 1128(a) of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan." 11 U.S.C. § 1128(a).   Section 105(d)(2)(B)(vi) of the Bankruptcy Code provides that the Court may combine the hearing on approval of a disclosure statement with the hearing on confirmation of a chapter 11 plan. 11 U.S.C. § 105(d)(2)(B)(vi).   Additionally, Section P of the Complex Case Procedures and Bankruptcy Local Rule 3016-2 allow the Court to combine the hearing to consider adequacy of the Disclosure Statement and hearing to consider confirmation of the Plan, so long as the motion:  (i) identifies the proposed balloting agent; (ii) identifies any voting procedures in addition to those required in the Complex Case Procedures; and (iii) identifies the proposed hearing date for final approval of the disclosure statement and confirmation of the proposed plan—as this Motion does.  Bankruptcy Rule 3020(b)(1) also provides that objections to confirmation of a plan must be filed and served "within a time fixed by the court," which time the Debtors request hereby.  Fed. R. Bankr. P. 3020(b)(1).

17.      In advance of the Petition Date, the Debtors completed the most sensitive and difficult task required to effectuate a successful reorganization: the negotiation of the Plan with the support of the Consenting Parties.  The Debtors also began soliciting votes on the Plan from the only classes of Claims and Interests entitled to vote to accept or reject the Plan prior to the Petition Date.  Accordingly, a Combined Hearing in these chapter 11 cases will promote

judicial economy and allow the Debtors to effectuate their restructuring expeditiously and preserve value.  The Combined Hearing will minimize the adverse effects of the chapter 11 filings upon the Debtors' business and going-concern value and maximize value to holders of Claims and Interests through prompt distributions of recoveries set forth in the Plan.  In addition to the reasons set forth below, entry of the Proposed Order at this time will inform parties in interest, as promptly as possible, of the anticipated schedule of events that will occur up to and including confirmation of the Plan at the Combined Hearing, including their deadline to vote on the Plan.

**B.      Approval of the Disclosure Statement**

18.      At the Combined Hearing, the Debtors will seek approval of the Disclosure Statement.  Under Bankruptcy Code section 1125, a plan proponent must provide holders of impaired claims and interests with "adequate information" regarding a debtor's proposed plan of reorganization, which is defined as:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such hypothetical investor of the relevant class to make an informed judgment about the plan.

11 U.S.C. § 1125(a)(1).

19.      Whether a disclosure statement contains adequate information is intended by Congress to be a flexible, fact-specific inquiry left within the discretion of the Court:

> Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis.  Courts will take a practical approach as to what is necessary under the circumstances of each case, such as the cost of preparation of the statements, the need for relative speed in solicitation and confirmation, and, of course, the need for investor protection.  There will be a balancing of interests in each case.  In reorganization cases, there is frequently great uncertainty.  Therefore the need for flexibility is greatest.

H.R. Rep. 95-595, at 409 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6365.  *See also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) (observing that "adequate information will be determined by the facts and circumstances of each case"); *Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) (opining that what constitutes adequate information is "subjective," "made on a case-by-case basis," and "largely in the discretion of the bankruptcy court").

20.    The Disclosure Statement is extensive and comprehensive.  It includes descriptions of (i) the Plan, (ii) the Debtors' business operations, (iii) key events leading to the commencement of these chapter 11 cases, (iv) the Debtors' significant prepetition indebtedness, (v) the proposed, pro forma capital structure of the Reorganized Debtors (as defined therein), (vi) financial information and valuations that would be relevant to creditors' determination to accept or reject the Plan, (vii) a liquidation analysis setting forth the estimated return that holders of Claims and Interests would receive in a hypothetical chapter 7 liquidation, (viii) risk factors associated with the Plan, and (ix) federal tax law consequences of the Plan.

21.    At the Combined Hearing, the Debtors will demonstrate, as summarized above, that the Disclosure Statement provides "adequate information" under section 1125(a) of the Bankruptcy Code and, therefore, should be approved by the Court.

**C.    Confirmation of the Plan**

22.    The Debtors believe that the Plan satisfies all of the requirements for confirmation under the Bankruptcy Code.  Before the Combined Hearing, the Debtors will file a brief in support of confirmation that, among other things, will (i) demonstrate that the Plan satisfies the requirements for plan confirmation set forth in Bankruptcy Code section 1129 and (ii) respond to objections to confirmation, if any.

**D.**   **Approval of the Solicitation Procedures and Forms of Solicitation Materials**

23.   The Court should approve the solicitation, balloting, tabulation, and related activities undertaken in connection with the Plan (collectively, the "**Solicitation Procedures**"). As set forth below, the Solicitation Procedures comply with the various applicable provisions of the Bankruptcy Rules and Bankruptcy Code and should be approved.

**1.**   **Debtors' Prepetition Solicitation Was Exempt from Registration and Disclosure Requirements Otherwise Applicable Under Non-Bankruptcy Law**

24.   Section 1125(g) of the Bankruptcy Code provides: "[A]n acceptance or rejection of the plan may be solicited from a holder of a claim or interest if such solicitation complies with applicable nonbankruptcy law and if such holder was solicited before the commencement of the case in a manner complying with applicable nonbankruptcy law." 11 U.S.C. § 1125(g).  Section 1126(b) of the Bankruptcy Code provides:

> [A] holder of a claim or interest that has accepted or rejected the plan before the commencement of the case under this title is deemed to have accepted or rejected such plan, as the case may be, if—(a) the solicitation of such acceptance or rejection was in compliance with any applicable nonbankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with such solicitation; or (b) if there is not any such law, rule, or regulation, such acceptance or rejection was solicited after disclosure to such holder of adequate information, as defined in section 1125(a) of this title.

11 U.S.C. § 1126(b).  Therefore, either prepetition solicitation must comply with generally applicable federal and state securities laws and regulations (including the registration and disclosure requirements thereof) or, if such laws and regulations do not apply, the solicited holders must receive "adequate information" under section 1125 of the Bankruptcy Code.

25.   The Debtors' prepetition solicitation is exempt from the registration requirements of the Securities Act of 1933, as amended (the "**Securities Act**") pursuant to Section 4(a)(2) of the Securities Act and Regulation D of the Securities Act promulgated thereunder, and

under state "Blue Sky" laws, or any similar rules, regulations, or statutes.  The solicitation is being made prior to the Petition Date only to parties entitled to vote on the Plan who are "accredited investors" (as defined in Rule 501(a) of Regulation D under the Securities Act) and "qualified institutional buyers" within the meaning of Rule 144A of the Securities Act.  As such, the Debtors' prepetition solicitation falls within the exemption set out in section 4(a)(2) of the Securities Act and Regulation D promulgated thereunder. The requirements of section 1126(b)(1) of the Bankruptcy Code have been satisfied by the Debtors' prepetition solicitation process.  As noted above, the Debtors will seek a final determination from the Court at the Confirmation Hearing that all solicited holders received "adequate information" as defined by section 1125(a) of the Bankruptcy Code in compliance with section 1126(b)(2) of the Bankruptcy Code.

**2.      Non-Solicitation of Classes Presumed to Accept or Deemed to Reject the Plan**

26.      The Plan provides that the holders of specific classes of Claims and Interests are presumed to accept or deemed to reject the Plan (collectively, the "**Non-Voting Holders**"). Specifically, holders of Claims in Class 1 (Other Secured Claims), Class 2 (Priority Non-Tax Claims), Class 5 (General Unsecured Claims), Class 6 (Intercompany Claims) and Class 7 (Intercompany Interests) are unimpaired and are presumed to accept the Plan (collectively, the "**Unimpaired Non-Voting Holders**").  Pursuant to section 1126(f) of the Bankruptcy Code, each holder of a Claim and Interests in an unimpaired class is "conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class . . . is not required." 11 U.S.C. § 1126(f).  Accordingly, the Unimpaired Non-Voting Holders are conclusively presumed to accept the Plan and, therefore, are not entitled to vote.

27.      Holders of Interests in Class 8 (Existing Parent Equity Interests) are impaired and are presumed to reject the Plan (the "**Impaired Non-Voting Holders**").  Pursuant to section 1126(f) of the Bankruptcy Code, each holder of Interests is deemed to reject the Plan "if

such plan provides that the claims or interests of such class do not entitle the holders of such claims or interests to receive or retain any property under the plan on account of such claims or interests." 11 U.S.C. § 1126(g).  As such, the Impaired Non-Voting Holders are conclusively presumed to reject the Plan and, therefore, are not entitled to vote.

28.     The Debtors are requesting a waiver of the requirement that they mail copies of the Plan and Disclosure Statement to any Non-Voting Holder.  *See* Fed. R. Bankr. P. 3017(d) (requiring transmission of court-approved disclosure statement to, *inter alia*, classes of unimpaired creditors and equity security holders).  The Debtors submit that Bankruptcy Rule 3017(d) does not apply here because the Debtors commenced solicitation of acceptances and rejections of the Plan on a prepetition basis, and, thus, there was no disclosure statement "approved by the court" to transmit.  Further, the Debtors are not required to provide those materials to Non-Voting Holders because they are either presumed to accept or deemed to reject the Plan by operation of law. Accordingly, it would be a significant and unnecessary administrative burden on the Debtors to transmit the Disclosure Statement and Plan to such Non-Voting Holders.

29.     In lieu of furnishing each Non-Voting Holder with a copy of the Plan and Disclosure Statement, the Debtors propose to send to each Non-Voting Holder the Combined Notice, which sets forth a summary of the Plan and the treatment of such Non-Voting Holder's Claims or Interests and sets forth the manner in which a copy of the Plan and the Disclosure Statement may be obtained.  The Debtors have made the Disclosure Statement and the Plan available at no cost on the website of the Debtors' claims and noticing agent, Kroll Restructuring Administration LLC (the "**Voting Agent**") at https://cases.ra.kroll.com/Mobileum.

30.     In addition to the Combined Notice, the Debtors propose to send to the holders of Class 1 (Other Secured Claims), Class 2 (Priority Non-Tax Claims), Class 5 (General

Unsecured Claims), and Class 8 (Existing Parent Equity Interests) the notice of non-voting status (the "**Notice of Non-Voting Status**"), which the Debtors propose to mail (or cause to be mailed) to such holders within two (2) business days of the entry of the Proposed Order or as soon as reasonably practicable thereafter.  With respect to Class 6 (Intercompany Claims) and Class 7 (Intercompany Interests), the Debtors request a waiver of any requirement to serve a Notice of Non-Voting Status or any other type of notice in connection with the Plan because such Claims and Interests are held by the Debtors' affiliates (and not individual creditors or interest holders).

31.     The Notice of Non-Voting Status, attached as Exhibit 2 to the Proposed Order, contains the full text of the release, exculpation, and injunction provisions set forth in Article 10.5, 10.6, and 10.7 of the Plan and advises the Non-Voting Holders that they will be deemed to have consented to the third-party release provision in section 10.6(b) of the Plan unless they timely and properly choose to opt out on the Opt-Out Election Forms provided to them by the Debtors.[3]  The Notice of Non-Voting Status also includes instructions for where the Non-Voting Holders can obtain, free of charge, copies of the Plan, Disclosure Statement, and related exhibits such as the valuation analysis, financial projections, and plan supplement documents and information generally about the Plan and Combined Hearing.  Under the circumstances, the Debtors submit that the Notice of Non-Voting Status is adequate and appropriate to provide the Non-Voting Holders notice of their non-voting status and the opportunity to opt out of the third-party release provision set forth in section 10.6(b) of the Plan.

32.     Further, the Solicitation Procedures undertaken by the Debtors and described herein with respect to the Non-Voting Holders comply with the Bankruptcy Code and

---

[3]    The deadline for submission of Opt-Out Election Forms was set forth therein as the Voting Deadline of August 23, 2024 at 5:00 p.m. (Central Time).

should be approved.  Accordingly, the Debtors respectfully request that the Court approve the Solicitation Procedures with respect to the Non-Voting Classes.

> **3.**      **Solicitation of Impaired Classes Entitled to Vote to Accept or Reject the Plan**

33.      Two (2) classes of Claims are impaired and entitled to vote to accept or reject the Plan:  Class 3 (First Lien Claims) and Class 4 (Second Lien Debt Claims) (collectively, the "**Voting Classes**").

34.      The Debtors distributed the Solicitation Package prior to the Petition Date in accordance with sections 1125 and 1126 of the Bankruptcy Code.  *See* 11 U.S.C. § 1125(g) ("[A]n acceptance or rejection of the plan may be solicited from a holder of a claim or interest if such solicitation complies with applicable nonbankruptcy law and if such holder was solicited before the commencement of the case in a manner complying with applicable nonbankruptcy law.").  Courts in this district have recognized that debtors may "straddle" solicitation by commencing solicitation prior to the petition date and continuing postpetition. *See, e.g.*, *In re Air Methods Corporation,* No. 23-90886 (MI) (Bankr. S.D. Tex. Oct. 24, 2023) (Docket No. 146) (approving continued postpetition solicitation commenced prior to petition date); *In re Ultra Petroleum Corp.*, No. 20-32631 (MI) (Bankr. S.D. Tex. May 15, 2020) (Docket No. 62) (same); *In re Carson Travel, Inc.*, No. 21-90017 (MI) (Bankr. S.D. Nov. 12, 2021) (Docket No. 106) (same); *In re Belk, Inc.*, No. 21-30630 (MI) (Bankr. S.D. Tex. Feb. 24, 2021) (Docket No. 61) (same); *In re Jones Energy, Inc.*, No. 19-32112 (DRJ) (Bankr. S.D. Tex. Apr. 15, 2019) (Docket No. 75) (same); *In re Southcross Holdings LP*, No. 16-20111 (MI) (Bankr. S.D. Tex. Mar. 29, 2016) (Docket No. 75) (same); *In re Reddy Ice Holdings, Inc.*, No. 12-32349 (Bankr. N.D. Tex. Apr. 12, 2012) (court approved solicitation commenced on the eve prior to filing and continued postpetition).  Furthermore, it is important that these chapter 11 cases proceed as expeditiously as possible.

35.     Specifically, on July 23, 2024 the Debtors commenced soliciting votes (such solicitation, the "**Solicitation**") from members of the Voting Classes by transmitting, via electronic mail, copies of the solicitation package containing the Disclosure Statement, including the Plan and other exhibits thereto and one or more Ballots, as applicable (the "**Solicitation Package**").

36.     The Solicitation Package advised the Voting Classes that, among other things, the deadline for submitting a Ballot containing a vote to accept or reject the Plan is August 23, 2024 at 5:00 p.m. (Central Time) (the "**Voting Deadline**"), which may be extended by the Debtors.

37.     The Solicitation Package advised recipients that Ballots must be returned to the Voting Agent in accordance with express submission instructions set forth in the Ballots.[4] Each Ballot also contains detailed instructions on how to complete it and how to make any applicable elections contained therein.

38.     Moreover, the materials in the Solicitation Package establish and communicate how the Voting Agent will tabulate the votes and elections contained in the Ballots. Those tabulation rules provide, among other things, that: (i) the last properly completed Ballot submitted by a holder of a Claim in a Voting Class, that is actually received by the Voting Agent before the Voting Deadline, supersedes and revokes any prior Ballot(s) submitted by that holder on account of the same Claim; (ii) Ballots that attempt to partially accept and partially reject the Plan will not be counted; (iii) illegible Ballots will not be counted; (iv) Ballots containing

---

[4]     Holders of Claims in the Voting Classes and holders of Claims and Interests in the Non-Voting Classes were instructed to submit Ballots and Opt-Out Election Forms, as applicable, (i) in hard copy by regular mail, overnight courier, or hand delivery to the Voting Agent address provided in the Ballot and Opt-Out Election Form or (ii) online via the electronic voting platform accessible at the Debtors' restructuring website maintained by the Voting Agent.

insufficient information to identify the holder will not be counted; (v) any form of ballot other than the official form of Ballot sent by the Voting Agent will not be counted; and (vi) Ballots received after the Voting Deadline (provided that such Voting Deadline has not been extended) will not be counted. As specified on the Ballots, any Ballot that is otherwise properly completed, executed, and timely returned to the Voting Agent, but does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, will not be counted as a vote in determining acceptance or rejection of the Plan.

39. To establish Claim amounts for voting purposes for holders of Claims in the Voting Classes, the Voting Agent relied on the Debtors' applicable books and records and/or the registry of such holders maintained by the applicable administrative agent, if any, for the credit facility associated with each of the Class 3 First Lien Claims and/or Class 4 Second Lien Debt Claims.

**4.    The Voting Record Date**

40. Bankruptcy Rule 3018(b) provides, in a prepetition solicitation, the holders of record of the applicable claims against and interests in a debtor entitled to receive ballots and related solicitation materials are to be determined "on the date specified in the solicitation." Fed R. Bankr. P. 3018(b). The Ballots clearly identify July 19, 2024 as the date for determining which holders of Claims and Interests in the Voting Classes were entitled to vote to accept or reject the Plan (the "**Voting Record Date**").

**5.    Voting Deadline**

41. Bankruptcy Rule 3018(b) provides that prepetition acceptances and rejections of a plan are valid only if the plan was transmitted to substantially all of the holders of claims in the same voting class and the time for voting was not unreasonably short. All holders of Claims and Interests in the Voting Classes entitled to vote on the Plan were transmitted the Plan

17

on the Solicitation Commencement Date (i.e., July 23, 2024). As clearly set forth in the Disclosure Statement and Ballot, the Voting Deadline is August 23, 2024 at 5:00 p.m. (Central Time).

42. Notably, the Consenting Parties were aware of and agreed to the Voting Deadline in advance of the Solicitation Commencement Date to facilitate an expeditious restructuring consistent with the carefully-negotiated terms of the Plan. Additionally, because the terms of the Plan were the product of hard-fought and arm's-length negotiations between the Debtors and the Consenting Parties, the Plan and the Disclosure Statement were subject to extensive review and comment by the Consenting Parties prior to the Solicitation Commencement Date. The Consenting Parties, which constitute the overwhelming majority of parties entitled to vote on the Plan, thus were familiar with its contents and the contents of the Disclosure Statement, even before Solicitation began.

43. In light of the circumstances, holders of Claims and Interests in the Voting Class had adequate time to consider the Plan and the Disclosure Statement and submit their respective Ballots before the Voting Deadline. Further, the overwhelming majority of holders of Claims or Interests in the Voting Classes are sophisticated and were able to review the Disclosure Statement, were able to review and vote on the Plan, and are able to respond with objections, if any, by the deadlines set forth in the Ballot and the Combined Notice. For these reasons, the Debtors believe that the solicitation period is sufficient and appropriate for holders of Claims in the Voting Classes to make an informed decision to vote to accept or reject the Plan.

### 6. Form of Ballot and Tabulation Procedures

44. Bankruptcy Rule 3017(d) requires that the Debtors use a form of ballot substantially conforming to Official Form No. 314. The Ballots, copies of which are annexed as **Exhibits 3** and **4** to the Proposed Order, are based on Official Form No. 314 and were modified to

address the particular aspects of these chapter 11 cases and to be relevant and appropriate for the Voting Classes.

45.     As set forth above, to be counted as votes to accept or reject the Plan, the Ballots are required to be properly executed, completed, and delivered to the Voting Agent so that they are received no later than the Voting Deadline.

46.     In consideration of the foregoing, the Debtors submit that the Solicitation Procedures are in full compliance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.  Accordingly, the Debtors respectfully request that this Court approve the Solicitation Procedures, including the Ballots and tabulation procedures.

**E.     Deadline and Procedures for Objections to the Disclosure Statement and Confirmation of the Plan**

47.     Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c).  Bankruptcy Rules 2002(b) and 3017(a) require that 28 days' notice be given by mail to all creditors of the time fixed for filing objections to approval of a disclosure statement or confirmation of a chapter 11 plan, subject to the Court's discretion to shorten such period under Bankruptcy Rule 9006(c)(1).  Under Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Fed. R. Bankr. P. 3020(b)(1).

48.     The Debtors request that the Court set August 23, 2024 at 5:00 p.m. (Central Time), as the deadline to file objections to the adequacy of the Disclosure Statement or confirmation of the Plan (the "**Objection Deadline**").  The proposed Objection Deadline will provide holders of Claims and Interests with sufficient notice of the deadline for filing objections to the Disclosure Statement and Plan, while still affording the Debtors and other parties time to

19

file a responsive brief and, if possible, resolve consensually any objections received.  The Debtors further request that they be authorized to file replies to any timely objections or responses no later than September 9, 2024 at 5:00 p.m. (Central Time).

        49.    The Debtors further request that the Court direct that any responses or objections to the adequacy of the Disclosure Statement or confirmation of the Plan must:  (i) be in writing; (ii) conform to the applicable Bankruptcy Rules and the Bankruptcy Local Rules; (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof; (iv) include proposed language that if included in the Plan would remedy the matters set forth in the objection; and (v) be filed with the Court, together with proof of service.  In addition to being filed with the Court, any such responses or objections must be served on the following parties so as to be received by the Objection Deadline:

    i.    the Office of the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002;

    ii.    the Debtors, c/o Mobileum, Inc., 20813 Stevens Creek Boulevard, Suite 200, Cupertino, CA 95014 (Attn: Mike Salfity);

    iii.    Weil, Gotshal & Manges LLP, 700 Louisiana Street, Suite 3700, Houston, Texas 77002 (Attn: Gabriel A. Morgan, Esq.) and 767 Fifth Avenue, New York, New York 10153 (Attn: Jeffrey D. Saferstein, Esq., Alexander W. Welch, Esq., Daphne Papadatos, Esq., and Eric L. Einhorn, Esq.), proposed counsel to the Debtors;

    iv.    Milbank LLP, 55 Hudson Yards, New York, New York 10001 (Attn: Evan Fleck, Esq., Matthew Brod, Esq., Abigail Debold, Esq., and Rupsha Basu, Esq.), counsel to the First Lien Ad Hoc Group;

    v.    Akin Gump Strauss Hauer & Feld LLP, 1333 New Hampshire Avenue, N.W., Washington, DC  20036-1564 (Attn: Scott L. Alberino, Esq. and Blaine Scott, Esq.), counsel to the Crossholder Ad Hoc Group; and

    vi.    Simpson Thacher & Bartlett LLP, 425 Lexington Ave, New York, New York 10017 (Attn: Sunny Singh, Esq. and Dov Gottlieb, Esq.), counsel to the Consenting Sponsor.

50.     The Debtors submit the objection procedures comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules, and respectfully requests that the Court (i) approve the Objection Deadline and (ii) ratify the Debtors' proposal to require that objections to the adequacy of the Disclosure Statement or confirmation of the Plan meet the factors set forth above.

**F.      Form and Manner of Notice of the Commencement of the Chapter 11 Cases, Combined Hearing, and the Objection Deadline**

51.     As soon as possible after the Court's entry of the Proposed Order, the Debtors intend to serve a notice (the "**Combined Notice**"), substantially in the form annexed as **<u>Exhibit 1</u>** to the Proposed Order, on the Debtors' creditor matrix and all interest holders of record, excluding the Debtors and their affiliates.    The Combined Notice sets forth (i) the date, time, and place of the Combined Hearing, (ii) instructions for obtaining copies of the Disclosure Statement and the Plan, (iii) the Objection Deadline, and (iv) the procedures for filing objections to the adequacy of the Disclosure Statement and confirmation of the Plan.

52.     In addition, Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."  Fed. R. Bankr P. 2002(l).  The Debtors request that this Court authorize the Debtors, in their discretion, to give supplemental publication notice of the Combined Hearing, no later than seven days prior to the Combined Hearing, in the national edition of the *New York Times*.

53.     As an additional form of notice to parties in interest in these cases, the Debtors intend to post to the Voting Agent's website various chapter 11 documents, including (i) the Plan, (ii) the Disclosure Statement, (iii) this Motion and any orders entered in connection with this Motion, and (iv) the Combined Notice.

54.     The proposed service of the Combined Notice by publication and posting on the case website established by the Voting Agent, together with the proposed notice, will provide sufficient notice to all parties in interest in the Debtors' chapter 11 cases of the date, time, and place of the Combined Hearing, and the procedures for objecting to the adequacy of the Disclosure Statement or confirmation of the Plan.

## G.     Procedures in Respect of the Assumption of Executory Contracts and Unexpired Leases

55.     The Plan provides that all executory contracts and unexpired leases to which any of the Debtors are parties shall be deemed assumed, unless such contract or lease (i) was previously assumed or rejected by the Debtors, pursuant to a final order of the Bankruptcy Court, (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iii) is the subject of a motion to reject filed by the Debtors on or before the Confirmation Date, or (iv) is specifically designated as a contract or lease to be rejected on the schedule of rejected contracts.

56.     The Debtors intend to serve the Combined Notice on all non-debtor counterparties to executory contracts and unexpired leases, reflecting the Debtors' intention to assume the executory contracts or unexpired leases in connection with the Plan, as applicable, in the ordinary course of business.  In addition, the Combined Notice provides that in the event of any dispute pertaining to the assumption of an executory contract or unexpired lease, such dispute will be addressed pursuant to section 8.1 of the Plan, which provides that the Bankruptcy Court will make a determination on the dispute before the assumption is effective.

57.     The notice of the Debtors' assumption of executory contracts and unexpired leases, as provided in the Combined Notice, and the procedures set forth herein are appropriate under the circumstances.

**H.    Extension and Conditional Waiver of the 341 Meeting and the Filing of SOFAs and Schedules**

58.    The Debtors also request that the Proposed Order provide that (i) the meeting of the Debtors' creditors pursuant to section 341 of the Bankruptcy Code (the "**341 Meeting**") shall not be scheduled by the U.S. Trustee before the SOFA/Schedule Deadline (October 5, 2024) which is approximately 75 days from the Petition Date, (ii) the time for filing the SOFAs and Schedules and 2015.3 Reports be extended until the same date, and (iii) if the Plan is confirmed on or before the SOFA/Schedule Deadline, the 341 Meeting will be waived, and the Debtors will be excused from filing the SOFAs and Schedules and 2015.3 Reports, in each case without further order of the Court.

59.    While section 341 of the Bankruptcy Code requires the U.S. Trustee to convene and preside at a meeting of creditors, it also provides for the following exception:

> Notwithstanding subsections (a) and (b), the court, on the request of a party in interest and after notice and a hearing, for cause may order that the United States trustee not convene a meeting of creditors or equity security holders if the debtor has filed a plan as to which the debtor solicited acceptances prior to the commencement of the case.

11 U.S.C. § 341(e).  The Debtors solicited acceptances of the Plan from the Voting Classes before the Petition Date, and, therefore, the requested conditional relief pursuant to section 341(e) of the Bankruptcy Code is appropriate here.

60.    The Debtors also request that the time for filing the SOFAs and Schedules and 2015.3 Reports be extended until the SOFA/Schedule Deadline unless the Plan is confirmed prior to the SOFA/Schedule Deadline, in which case the Debtors request that the requirement to file SOFAs and Schedules and 2015.3 Reports be waived.  The Court is authorized to grant the Debtors' further extension "for cause" pursuant to Bankruptcy Rule 1007(c).  Sufficient cause exists here because requiring the Debtors to file Schedules or SOFAs and 2015.3 Reports in the

first 75 days of these cases would be time consuming, distracting to the Debtors' advisors and management, and costly to the Debtors' estates, while providing little benefit to most parties in interest in these chapter 11 cases.  No party in interest would be prejudiced by the Court granting the Debtors' request for an extension through and including the SOFA/Schedule Deadline because, under the Plan, all general unsecured claims will "ride through" these chapter 11 cases unimpaired. Therefore, the Court should only require the Debtors to file SOFAs and Schedules and 2015.3 Reports if the Plan is not confirmed on or before the SOFA/Schedule Deadline.

61.     Accordingly, the Debtors respectfully request that the Court waive the requirement to file Schedules and SOFAs, waive the requirement to file 2015.3 Reports, and direct the U.S. Trustee not to convene a 341 Meeting unless the Plan is not confirmed on or before the SOFA/Schedule Deadline, without prejudice to the Debtors' right to request further extensions, for cause shown.

## **Reservation of Rights**

62.     Nothing contained herein is intended to be or shall be deemed as (i) an implication or admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) a waiver of the obligation of any party in interest to file a proof of claim, (v) an agreement or obligation to pay any claims, (vi) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be

24

construed as an admission to the validity of any claim or a waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently.

## **<u>Notice</u>**

63.     Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

*[Remainder of page intentionally left blank]*

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  July 23, 2024
       Houston, Texas

    /s/  Gabriel A. Morgan
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:  Gabriel.Morgan@weil.com
       Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Jeffrey D. Saferstein (*pro hac vice* pending)
Alexander W. Welch (*pro hac vice* pending)
Daphne Papadatos (*pro hac vice* pending)
Eric L. Einhorn (*pro hac vice* pending)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:  Jeffrey.Saferstein@weil.com
       Alexander.Welch@weil.com
       Daphne.Papadatos@weil.com
       Eric.Einhorn@weil.com

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**<u>Certificate of Service</u>**

I hereby certify that on July 23, 2024, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.


                                                          */s/ Gabriel A. Morgan*
                                                          Gabriel A. Morgan